## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

**THE ESTATE OF DARIAN B. MCLENDON
BY AND THROUGH ANGELA MCLENDON
AND DARRRIS MCLENDON FOR THE USE
AND BENEFIT OF THE ESTATE OF
DARIAN B. MCLENDON, AND FOR THE
USE AND BENEFIT OF THE WRONGFUL
DEATH BENEFICIARIES OF DARIAN B.
MCLENDON**



**PLAINTIFFS**

**VS.**

**CIVIL ACTION NO.** _3:12CV586 DPJ-FKB_

**WEXFORD HEALTH SOURCES, INC.**          **DEFENDANT**

### COMPLAINT

Plaintiff, The Estate of DARIAN B. MCLENDON by and through ANGELA MCLENDON, for the use and benefit of the Estate of DARIAN B. MCLENDON, and for the use and benefit of the wrongful death beneficiaries of DARIAN B. MCLENDON, by and through undersigned counsel, for the cause of action against Defendant, WEXFORD HEALTH SOURCES, INC., states and alleges:

### PARTIES

1.      ANGELA MCLENDON, widow of Darian B. McLendon, is a resident of Lamar County, Mississippi and resides at 74 McLendon Lane, Sumrall, MS 39482.

2.      The deceased, DARIAN B. MCLENDON (hereinafter referred to as "Mr. McLendon") was a  resident of Lamar County, Mississippi before being taken into custody by the Mississippi Department of Corrections and sentenced to participate in the Regimented Inmate Discipline

Program at the Southern Mississippi Correctional Facility in Greene County, Mississippi; and later died at the Central Mississippi Medical Center in Rankin County, Mississippi.

3.      Defendant, WEXFORD HEALTH SOURCES, INC. (hereinafter referred to as "Wexford"), is a foreign corporation with its principal place of business at 425 Holiday Drive, Foster Plaza Two, Pittsburgh, PA 15220 but at all times alleged herein operated under contract with the State of Mississippi to provide health care to inmates at state run correctional facilities. Said defendant can be served with summons by serving their named registered agent for service of process, Corporation Service Company, 506 S. President Street, Jackson, MS 39200.

## JURISDICTION AND VENUE

4.      Jurisdiction of this Court is proper pursuant to 28 U.S.C. § 1332. Diversity of citizenship is apparent from the pleadings attached hereto and the allegations made herein, and the amount in controversy exceeds $75,000.00 as evidenced by the allegations in the Complaint.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(2) & (3) because plaintiffs reside in this district and the events giving rise to these claims arose in this district.

## FACTS GIVING RISE TO THIS ACTION

6.      On or about June 4, 2010 Mr. McLendon was sentenced to five (5) years in the custody of the Mississippi Department of Corrections, said sentence to be served under the provisions of Section 47-7-47 of the Mississippi Code of 1972, as amended, to participate in the Regimented Inmate Discipline (hereinafter referred to as "RID") Program as said Department of Corrections.[1]

---

[1] See attached Order of Conviction (Exhibit A).

7.      It is believed that Mr. McLendon underwent psychological assessments and a complete physical examination or should have had those treatments before being released to participate in the RID program.

8.      Mr. McLendon was transferred to the Southern Mississippi Correctional    Institute    in Leakesville, MS to participate in the RID program, which is described as "an intensive paramilitary  program"[2], which is something akin to a "boot camp" for inmates.

9.      Mr. McLendon suffered exhaustion and other medical complaints and was transferred to the Central Mississippi Correctional Facility where he received care at the facility's infirmary.

10.     Mr. McLendon was admitted to the infirmary at the correctional facility complaining of chest  pain  and  vomiting  a  green  substance  nearly  every  day  he  was  present  at  Central Mississippi Correctional Facility.

11.     Mr. McLendon collapsed on the floor of his cell, whereupon it is believed that another inmate alerted security guards and/or the facility health care professionals. It took multiple hours after collapsing for medical personnel at the facility to properly respond.

12.     Mr. McLendon was transported to Central Mississippi Medical Center and died on August 19, 2010.

13.     The official Autopsy Report listed the "best cause of death is complications of acute myocardial infarct. Contributing to his death is hypertension, diabetes mellitus and morbid obesity."[3]

## NEGLIGENCE AND MEDICAL MALPRACTICE CAUSES OF ACTION

14.     The Plaintiffs re-allege and incorporate the allegations of paragraphs 1 through 13 as if set forth herein.

---

[2] See description by Mississippi Department of Corrections (Exhibit B).
[3] Autopsy Report (Exhibit C).

15.    Defendant and its employees owed a duty to provide a psychological assessment and a complete physical examination of Mr. McLendon before releasing him to participate in the RID program.

16.    Defendant and its employees owed a duty to accurately assess Mr. McLendon's mental and physical health and to prevent his classification into the RID program if doing so would place Mr. McLendon in an unreasonable amount of harm from health complications and/or death.

17.    Defendant and its employees had a duty to respond to Mr. McLendon's complaints of chest pain and vomiting green fluid in a reasonable manner.

18.    Defendant and its employees had a duty to respond and provide emergency care timely when Mr. McLendon collapsed in his cell.

19.    The negligence of Defendant, its employees, agents or consultants includes, but is not limited to, one or more of the following acts or omissions:

    A.    The Failure to provide reasonable care in assessing Mr. McLendon's physical and mental health for classification into the RID program;

    B.    The failure to provide adequate care in response to Mr. McLendon's medical complaints of chest pain and vomiting green fluid;

    C.    The failure to respond timely to Mr. McLendon's medical condition when he collapsed in his cell;

    D.    The failure to adequately assess, evaluate and supervise personnel so as to ensure Mr. McClendon and other inmates received adequate physical and mental assessments prior to being released to the RID program;

4

E.      The failure to develop and/or implement a system that ensured Mr. McClendon received timely access to sick call process;

F.      The failure to ensure, develop and implement a system of quality medical care to handle chronic medical complaints like those exhibited by Mr. McLendon;

G.      The failure to properly recognize, diagnose and treat Mr. McLendon's significant medical history, including but not limited to, noninsulin-dependent diabetes mellitus, hypertension and morbid obesity.

20.     As a direct and proximate result of the negligence of Defendant as set above, the Plaintiffs, individually, and as wrongful death beneficiaries of Mr. McLendon, now deceased, have suffered tremendous damages as a result of Defendant's negligence, including, but not limited to the  following:

A.      The loss of love and affection;

B.      The loss of support and wage earning capacity;

C.      The loss of the value of the life of DARIAN B. MCLENDON;

D.      Medical and/or funeral expenses;

E.      Loss of enjoyment of life and the loss of life's achievement and happiness;

F.      Conscious pain and suffering of DARIAN B. MCLENDON prior to his death;

G.      Emotional Distress; and

F.      All other damages recoverable under the laws of the State of Mississippi.

21.     WHEREFORE, based on such conduct of the Defendant, as set forth above, Plaintiffs assert a claim for judgment for all compensatory damages against Defendants including, but not limited to, medical expenses, physical pain, suffering, mental anguish, loss of enjoyment of life,

and all others set forth herein; this amount to be determined by a jury and all other relief to which Plaintiff is entitled by law.

## STATUTORY WRONGFUL DEATH CAUSE OF ACTION

22.    Plaintiff re-alleges and incorporates the allegations of paragraphs 1 through 22 as if fully set forth herein.

23.    As a direct and proximate result of the negligence and/or malice which evidences a willful, wanton or reckless disregard for the safety of others, including DARIAN B. MCLENDON, Mr. McLendon suffered injuries and consciously experienced pain, suffering and mental anguish.

24.    As a direct, natural and proximate result of the negligence and reckless disregard for the safety of others, DARIAN B. MCLENDON died on August 19, 2010.

25.    As a result of the death of DARIAN B. MCLENDON, the wrongful death beneficiaries suffered loss of consortium, attention, guidance, companionship, cooperation, affection and love.

26.    WHEREFORE, based on such conduct of the Defendant, as set forth herein, Plaintiff asserts a claim for judgment for all compensatory damages against Defendant, including but not limited to, DARIAN B. MCLENDON's physical pain, suffering, mental anguish and loss of enjoyment of life plus all other costs and all other relief to which Plaintiffs are entitled by law. Additionally, based on the Defendant's negligence, Plaintiff asserts a claim for judgment for all compensatory damages against Defendant based on the damages sustained by DARIAN B. MCLENDON and the wrongful death beneficiaries, as a result of the loss of a personal relationship with DARIAN MCLENDON, including but not limited to, loss of support, companionship, consortium, attention, guidance, care, protection, training, cooperation,

6

affection and love, in an amount to be determined by the finder of fact, plus costs and all other relief to which Plaintiffs are entitled by law.

## PRAYER FOR RELEIF

Pursuant to the Mississippi Rules of Civil Procedure, Plaintiffs' demand that a jury, if available by law, try all issues of fact.

WHEREFORE, the Plaintiffs pray for judgment against Defendant as follows:

1. For damages to be determined at trial, in an amount exceeding the minimum jurisdictional amount of this Court and adequate to compensate Plaintiffs for all injuries and damages sustained;

2. For all general and special damages caused by the alleged conduct of Defendants;

3. For reasonable attorneys' fees and costs; and

4. For all other relief to which Plaintiffs may be entitled.

Respectfully submitted the 16th day of _August_, 2012

Respectfully submitted:

**WARD LAW FIRM**

**CHARLES R. WARD, JR. (#6937)**
20074 Highway 36
Covington, LA 70433
Telephone: (985) 892-1367
Facsimile: (985) 892-5085
*Counselors for Plaintiffs, The Estate of Darian B. McLendon*

**PLEASE SERVE:**

DEFENDANT, Wexford Health Sources, Inc.
Through Registered Agent:
Corporation Service Company
506 S. President Street
Jackson, MS 39200