UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

THE ESTATE OF DARIAN B. MCCLENDON                                         PLAINTIFF

v.                                                          CIVIL ACTION NO. 3:12cv586-DPJ-FKB

WEXFORD HEALTH SOURCES, INC.                                              DEFENDANT

ORDER

This wrongful-death action is before the Court on Defendant Wexford Health Sources, Inc.'s Motion for Summary Judgment [15].  Plaintiff filed no response, and the time to do so has now expired.  For the following reasons, the Court finds that the motion should be granted.

I.      Background

According to the Complaint, Darian B. McLendon was sentenced to a five-year term of imprisonment with the Mississippi Department of Corrections and was designated to participate in the Regimented Inmate Discipline Program (RID).  The RID program is akin to a "boot camp" for inmates.  During his participation in this program, McLendon suffered from exhaustion, was admitted to the infirmary, and later collapsed in his cell.  Plaintiff contends that medical care was delayed and that McLendon died August 19, 2010.

McLendon's estate filed this suit August 17, 2012, contending that Wexford's employees committed medical malpractice and negligence leading to his death.  But since filing suit, it does not appear that Plaintiff conducted any discovery, and it never designated any experts.

After designating its experts, Wexford filed its June 6, 2013 motion for summary judgment with supporting memorandum.  A few days later, Plaintiff filed a motion [17] "to reset all deadlines."  In the motion, counsel relayed various health issues that impeded his ability to handle the case.  The motion concluded with a prayer "that the Court enter an Order resetting all

deadlines to a later date to allow him time to continue the treatment recommended by his current treating physicians . . . ."  *Id.*  The motion did not mention Rule 56(d), made no specific reference to the pending summary-judgment motion, and failed to provide the information Rule 56(d) requires.  On July 18, 2013, United States Magistrate Judge F. Keith Ball denied Plaintiff's motion, noting that no request was made before the deadlines expired and that counsel had conceded during a telephonic hearing that his medical condition did not prevent him from filing a motion for extension at an earlier time.  No appeal was taken from that ruling, which is now final, and Plaintiff has not responded to Wexford's summary-judgment motion.  The Court has personal and subject-matter jurisdiction and is prepared to rule.

A.     Motion for Summary Judgment

Summary judgment is warranted under Rule 56 of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law.  "The party moving for summary judgment bears the initial burden of 'informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact.'"  *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)); *see also Custer v. Murphy Oil USA, Inc.*, 503 F.3d 415, 422 (5th Cir. 2007) (noting that the moving party bears the "burden of demonstrating that there is no genuine issue of material fact").  "The non-moving party must then come forward with specific facts showing there is a genuine issue for trial."  *Washburn*, 504 F.3d at 508.

In this case, Plaintiff filed no response, but that alone will not justify granting Wexford's motion.  *See* Uniform Local Rule 7.2(b)(3)(e) (dispositive motions may not be granted as

unopposed). As explained by the Fifth Circuit, district courts must first consider the record.

> [I]f the moving party fails to establish by its summary judgment evidence that it is entitled to judgment as a matter of law, summary judgment must be denied—even if the non-movant has not responded to the motion. But where the movant's summary judgment evidence does establish its right to judgment as a matter of law, the district court is entitled to grant summary judgment, absent unusual circumstances.

*McDaniel v. Sw. Bell Tel.*, 979 F.2d 1534, 1992 WL 352617, at *1 (5th Cir. 1992) (unpublished table decision) (citations omitted) (affirming summary judgment where counsel failed to file timely response).

In other words, the Court cannot grant a summary judgment motion for the mere lack of response, but if the record establishes that the movant met its burden under Rule 56(a), then the absence of responsive affidavits or other record evidence creating a genuine issue for trial will justify an order granting the motion. *Id.*; *see also Sanders v. Bell Helicopter Textron Inc.*, 199 F. App'x 309, 310 (5th Cir. 2006) (holding that record supported summary judgment where non-movant failed to respond); *Stewart v. City of Bryan Public Works*, 121 F. App'x 40, 42 (5th Cir. 2005) (same); *Ahart v. Vickery*, 117 F. App'x 344, 344 (5th Cir. 2004) (same).

This case presents an unfortunate set of circumstances with respect to Plaintiff's counsel. But Judge Ball's ruling seemed appropriate, and it was never appealed. Thus, the Court is left with a motion to which there is no response and no countervailing record evidence. Based on the record presented, the Court finds that summary judgment is appropriate.

III.     Analysis

Wexford's argument is short and legally correct—Plaintiff cannot establish medical malpractice without expert testimony. In order to state a case for medical malpractice under Mississippi law, "a plaintiff must prove by expert medical testimony: (1) the standard of care; (2)

a breach of the standard of care; (3) a causal connection between the breach and the injury; [and] (4) the extent of plaintiff's damages." *Sangernetta Mason, A1C v. United States*, 372 F. App'x 504, 505–06 (5th Cir. 2010) (citing *McCaffrey v. Puckett*, 784 So. 2d 197, 206 (Miss. 2001)). "Where a plaintiff fails to present expert testimony as to the applicable standard of care, breach thereof, and proximate causation, summary judgment is mandated." *Crosthwait v. S. Health Corp. of Houston, Inc.*, 94 So. 3d 1070, 1074 (Miss. 2012). Plaintiff offers no such evidence, and its deadline to designate experts has passed. Summary judgment is therefore appropriate.[1]

IV.  Conclusion

Though this case presents unfortunate circumstances, Wexford is correct that the sole claim presented in the Complaint cannot survive without expert testimony. No such testimony has been, or now can be, offered. Wexford's motion is therefore granted. A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 6th day of August, 2013.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[1] Mississippi does recognize the so-called "layman" exception to the expert-witness requirement. *Sheffield v. Goodwin*, 740 So. 2d 854, 858 (Miss. 1999). But it has not been asserted in this case, and otherwise appears inapplicable based on the allegations of the Complaint.